UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:03-CV-2108-G |
| DANIEL FISHER, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Daniel Fisher ("Fisher" or "the defendant"), under Rule 60(b), F.R. CIV. P., for relief from the default judgment and permanent injunction rendered against him and from a resulting contempt order. For the following reasons, Fisher's motion is denied. Additionally, Fisher has filed a motion to correct the record which is **DENIED** as moot.

### I. BACKGROUND

On September 17, 2003, the United States brought a complaint for permanent injunction against Daniel Fisher, Brenda Meyers-Fisher, EOTL Systems, Inc., and Tax

Dynamix, LLC, under 26 U.S.C. §§ 7402, 7407, and 7408. *See* United States' Response in Opposition to Daniel Fisher's Rule 60(b) Motion for Relief ("Government's Response") at 1. Copies of the complaint were left with Meyers-Fisher, Fisher's wife at the time, on September 30, 2003, at an apartment believed by the process server to be the Fishers' home. *Id.* Fisher claimed then, as he does now, that he was not home and that he was not, therefore, properly served. *Id.*

Fisher did not answer the complaint and, upon motion of the government, default was entered against the defendants on January 20, 2004. *Id.* On January 26, 2004, this court granted the government's motion for default judgment and entered an order of permanent injunction against all defendants. *See* Docket Entry #45. Fisher then failed to produce the documents required by the preliminary injunction, and as a result, the government filed a motion on March 5, 2004 to require Fisher to show cause why he should not be held in contempt. *See* Docket Entry #69. In response, Fisher filed a motion to dismiss, pursuant to FED. R. CIV. P. 4(m) and 60(b), seeking dismissal for improper service or, in the alternative, relief from the permanent injunction. *See* Docket Entry #76. This court held a show cause hearing on March 23, 2004, to address the contempt issue. *See* Government's Response at 2. Fisher argued at the hearing that the case should be dismissed because service of process was improper. *Id.* However, Fisher admitted he had notice of the case pending against him and that he had been following the case through PACER. *Id.*

Additionally, pleadings had been filed on his behalf. *Id.* Fisher did not offer any evidence of compliance with the injunction, and as a result the court found him in contempt and denied his motion to dismiss. *See* Docket Entry #89. Fisher was later released pursuant to an agreement with the government that he would comply with the injunction.

Now, nearly three and a half years later, Fisher has filed the instant motion, pursuant to Rule 60(b), for relief from the judgment.

## II. ANALYSIS

Motions under Rule 60(b) are directed to the sound discretion of the district court. *In Re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001); *Crutcher v. Aetna Life Insurance Company*, 746 F.2d 1076, 1082 (5th Cir. 1984). Fisher brings his motion pursuant to Rule 60(b)(4), (5) and (6), which provide:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
> (6) any other reason justifying relief from the operation of the judgment.

The Fifth Circuit, in *Magness v. Russian Federation*, 247 F.3d 609, 618-19 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001), outlined eight factors to be considered when a district court rules on a Rule 60(b) motion to vacate a default judgment. The eight factors are:

> (1) that final judgments should not be lightly disturbed;
>
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal;
>
> (3) that the rule should be liberally construed in order to achieve substantial justice;
>
> (4) whether the motion was made within a reasonable time;
>
> (5) whether, if the judgment was a default or a dismissal in which there was no consideration of the merits, the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense;
>
> (6) whether if the judgment was rendered after a trial on the merits, the movant had a fair opportunity to present his claim or defense;
>
> (7) whether there are intervening equities that would make it inequitable to grant relief; and
>
> (8) any other factors relevant to the justice of the judgment under attack.

*Id.*

A. <u>Motion for Relief from Default Judgment
and Permanent Injunction</u>

Under Rule 60(b)(4), a judgment is "void" only if the court had no jurisdiction over the proceedings or the proceedings violated due process. *Magness*, 247 F.3d at 619 n.19. Fisher essentially uses the instant Rule 60(b) motion to re-urge the jurisdictional arguments that failed him at the show cause hearing in 2004. Fisher argues that because service of process was not personally made on him, the court lacks jurisdiction. *See* Memorandum in Support of Petitioner's Motion ("Fisher's Motion") at 4. Any jurisdictional defense that Fisher may have had was waived by his active participation in and notice of the case against him. *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (finding that the defendants, through their notice of the pending suit and their attorney's involvement in the case, waived the defense of insufficiency or failure of service of process). The passage of time has not made Fisher's arguments any more convincing than they were when he presented them at the show cause hearing. Furthermore, Fisher does not present any new evidence, and he fails to address the factors set forth by the Fifth Circuit in *Magness*.[*] Therefore, the court finds that the initial default judgment was

---

[*] Upon consideration of the factors, the court notes that none of them weighs in favor of granting relief to Fisher in this situation. The court has entered a final judgment that should not be lightly disturbed, Fisher's motion is untimely, filed almost three and a half years after judgment was entered against him, and Fisher had the opportunity to appeal but failed to do so.

not "void" under Rule 60(b)(4) and Fisher's motion for relief from the judgment on that ground is denied.

Turning now to Rule 60(b)(5), Fisher has not shown that the judgment should be set aside on these grounds. Fisher simply mentions subsection (b)(5) and moves on. *See* Fisher's Motion at 19. To the extent the Fisher asserts that the default judgment is "no longer equitable," his argument is unconvincing. *Id.* Fisher's motion for relief from the default judgment under Rule 60(b)(5) is denied.

Finally, Fisher seeks relief under the Rule 60(b)(6) catchall provision, which is applied only in "situations showing compelling or aggravated circumstances involving extreme hardship and injustice." *McDonald v. Oliver*, 642 F.2d 169, 171-72 (5th Cir. 1981). This case does not present such a situation. As noted above, Fisher knew about the proceedings pending against him. Fisher's motion under Rule 60(b)(6) is denied.

B. Motion for Relief from Contempt Order

Fisher also seeks relief from the order of contempt entered against him. Fisher argues that the court's finding of contempt was not based on clear and convincing evidence. *See* Fisher's Motion at 17. However, at the show cause hearing Fisher offered no valid explanation for his failure to comply with the permanent injunction, choosing only to reassert his deficient jurisdictional arguments. Therefore, Fisher's motion for relief from the contempt order is denied.

C.  Motion to Correct Record

Finally, Fisher had filed a motion with the court seeking to correct certain errors contained in his reply.  *See generally* Motion to Correct Record *Nunc Pro Tunc.*  The court denies this motion as moot.

III.  CONCLUSION

For the reasons stated above, the motions of the defendant are **DENIED**.

**SO ORDERED**.

January 29, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**